**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Tomas CASTANEDA–JIMENEZ, a.k.a. Pedro, Defendant—Appellant.**

**No. 11–50480.**

United States Court of Appeals, Ninth Circuit.

Submitted July 17, 2012.*

Filed July 27, 2012.

Jill L. Burkhardt, Esquire, Bruce R. Castetter, Assistant U.S. Attorneys, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Tomas Castaneda–Jimenez, Winton, NC, pro se.

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Tomas Castaneda–Jimenez appeals pro se from the district court's order denying his motion to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Castaneda–Jimenez contends that the district court erred by failing to reduce his sentence pursuant to Amendment 706 to

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the United States Sentencing Guidelines, which lowered the sentencing range for offenses involving crack cocaine. This claim lacks merit. The record reflects that Castaneda–Jimenez's applicable Guidelines range was not altered by Amendment 706 because his range was based on the total drug quantities attributed to him, which were sufficient to warrant his sentencing range even if the crack cocaine amounts were disregarded. Therefore, Castaneda–Jimenez's sentence is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required by section 3582(c)(2), and the district court did not err in denying his motion. *See United States v. Leniear,* 574 F.3d 668, 673–74 (9th Cir.2009).

Castaneda–Jimenez's remaining claims are not cognizable under section 3582(c)(2).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.